FILED
 2017 Feb-06  AM 11:33
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| TIMOTHY ROPER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Case No.  3:16-cv-00441-HGD |
| | ) |
| TRISSL SPORTS CARS, et al., | ) |
| | ) |
| Defendants | ) |

**MEMORANDUM OPINION AND PARTIAL DISMISSAL ORDER**

The above-entitled civil action is before the court on the Motion to Dismiss for Lack of Jurisdiction filed by defendant Gary Grove.[1]  (Doc. 14).  Plaintiff has filed responses to the motion.  (Docs. 23 & 26).

**I.    The Complaint**

Plaintiff's complaint seeks a declaratory judgment and asserts claims for fraudulent misrepresentation, breach of contract and unjust enrichment against defendants Trissl Sports Cars and TMT America.  The action arose from plaintiff's

---

[1] The complaint identifies this defendant as "Gary Groves."

purchase of a vehicle from Trissl Sports Cars and TMT America.[2] Plaintiff, a resident of the United Kingdom, sought to purchase a 1965 air-cooled Porsche 911.  He contacted Trissl after seeing its advertisement in an online car forum for a 1965 Porsche 911 (VIN 301834).  After email exchanges and negotiations, plaintiff purchased a vehicle from Trissl, and the vehicle was delivered to plaintiff in the United Kingdom.  However, upon inspection, the vehicle turned out to be a 1967 Porsche 911S (VIN 301834), and it appeared that VIN tags from a 1965 Porsche 911 had been welded onto the vehicle actually delivered to plaintiff.

Plaintiff was able to obtain the factory build sheet for the 1967 car and was able to determine much about the provenance of both the vehicle he purchased and the vehicle he thought he was purchasing.  Plaintiff avers he discovered that Gary Grove bought the 1967 Porsche and obtained a Certificate of Conformity from Porsche on February 9, 2015, identifying VIN 301834 as belonging to a 1965 Porsche 911.  Grove advertised the car for sale before Trissl bought it on March 3, 2015. Plaintiff avers other potential buyers of the vehicle from Grove reported to plaintiff

---

[2] Plaintiff alleges that Trissl is car dealer in Florence, Alabama, with Thomas Trissl as its principal, and TMT America is a sales, marketing, business development and venturing company, also with Thomas Trissl as its principal.  TMT America appears to be the holding company of Trissl Sports Cars.

what Grove had told them, which contradicted Trissl's subsequent representations of the car's provenance in the online advertisement and what plaintiff was told.

## II.   The Motion to Dismiss

In support of his motion, defendant Grove states that he is not a resident of the State of Alabama and lacks sufficient contacts with the State of Alabama for this court to exercise either specific or general jurisdiction.  In his affidavit, Grove states that he is a resident and citizen of Tennessee.  (Doc. 14-1 at ¶ 2).  He has never resided in Alabama and does not and never has owned or leased personal property in Alabama.  (*Id.* at ¶¶ 3, 4).  Grove also attests he does not and never has owned a business in Alabama, does not conduct business in Alabama, and never has been employed in Alabama.  (*Id.* at ¶ 5).  Grove further attests that he never has maintained a bank account in Alabama, nor has he ever maintained an office or place of business, address, directory listing, answering service, or telephone number in Alabama.  (*Id.* at ¶¶ 6, 7).  He also asserts that, apart from the instant action, he never has been a plaintiff or defendant in any lawsuit in state of federal court in Alabama.  (*Id.* at ¶ 8).  He also has no personal or business reason to travel to, nor be in, Alabama.  (*Id.* at ¶ 11).  With respect to the sale of the vehicle to Trissl, Grove states that he sold an early model Porsche to Trissl in Lenoir City, Tennessee, on March 3, 2015, and that

the sale was conducted in Tennessee after Trissl inspected the vehicle at his home in Tennessee.  (*Id.* at ¶ 9, 10).

In his opposition, plaintiff asks the court to deny or defer ruling on the motion until he is able to conduct discovery of Grove.  Plaintiff contends that Grove's testimony is fundamental to establishing his case against Trissl and TMT America.  He asserts that Grove's testimony may contradict Trissl's testimony and evidence, or will at least definitively establish what Grove told Trissl when he sold the vehicle to Trissl.  In fact, plaintiff has served interrogatories on Grove.  Plaintiff argues that if Grove is dismissed as a defendant from this action, he would have to file suit against Grove in Tennessee; however, since he has no claim against Grove (other than wishing to determine what Grove told Trissl about the vehicle), any such suit would be dismissed for failure to state a claim.  Thus, plaintiff asserts, Grove is a necessary party defendant to this action for purposes of discovery only.  Plaintiff avers there is no need for Grove to attend court, only respond to plaintiff's interrogatories from Tennessee.

### III.   Personal Jurisdiction Analysis

The subject matter jurisdiction of this court is based on diversity of citizenship and amount in controversy, as provided in 28 U.S.C. § 1332.  The United States Supreme Court has identified two types of personal jurisdiction, specific and general.

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411-15 nn. 8 & 9, 104 S.Ct. 1868, 1870-72 nn.8 & 9, 80 L.Ed.2d 404 (1984).  Specific personal jurisdiction arises when the defendant's contacts with the forum are related to the plaintiff's cause of action.  *Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990); *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 392 (11th Cir. 1988) (*per curiam*).[3]

When a plaintiff is seeking to establish a court's personal jurisdiction over an out-of-state defendant, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state in which the court sits.  When a district court does not conduct an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the plaintiff must establish a *prima facie* case of personal jurisdiction over a non-resident defendant.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).  The plaintiff can establish a *prima facie* case by presenting enough evidence to withstand a motion for directed verdict.  *Id*.; *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360

---

[3] In this case, this court has no general personal jurisdiction over Grove because his affidavit establishes that he has had no "continuous and systematic" contacts with Alabama. *See Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 415 (1984); *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945).  Therefore, the court analyzes only whether it may exercise specific jurisdiction.

(11th Cir. 2006) (citing *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002)). The facts as alleged in the complaint must be accepted by the court to be true, to the extent they are uncontroverted by the defendant's affidavits. *Morris*, 843 F.2d at 492. If the complaint allegations and the defendant's affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff. *Id.*; *Stubbs*, 447 F.3d at 1360. However, plaintiff still bears the burden to "produce evidence supporting personal jurisdiction." *Stubbs*, 447 F.3d at 1360.

A court engages in a two-part analysis to determine whether it has personal jurisdiction over a non-resident defendant. *Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). First, the state's long arm statute must offer a basis for the exercise of jurisdiction. *Id.* If so, the court must then determine whether there are sufficient "minimum contacts" to satisfy the Fourteenth Amendment's Due Process Clause, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)).

Alabama's long arm statute, Rule 4.2, Ala.R.Civ.P, provides in pertinent part:

> **(b) Basis for Out-Of-State Service.** An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States; . . . .

Ala.R.Civ.P. 4.2(b). The Supreme Court of Alabama has interpreted Alabama's long arm statute to be as "broad as the permissible limits of due process." *Alabama Waterproofing Co., Inc. v. Hanby*, 431 So.2d 141, 145 (Ala. 1983). Based on the language of Ala.R.Civ.P. 4.2(b), the court finds that the statute offers a basis for the exercise of jurisdiction by this court.

### A.    Constitutional Due Process

Determining whether the assertion of personal jurisdiction over a non-resident defendant comports with due process also is a two-part analysis. *Madara*, 916 F.2d at 1515-16. First, the court must decide whether the defendant has established "minimum contacts" with the State of Alabama. *Id.* at 1516. Second, the court must decide if the exercise of personal jurisdiction would offend "'traditional notions of fair play and substantial justice.'" *Id.*

#### 1.    Minimum Contacts

To satisfy the requirement of minimum contacts for the exercise of personal jurisdiction:

> The defendant's contacts with the applicable forum must satisfy three criteria. First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve "some act by which the defendant purposely availed itself of the privilege of conducting activities within the forum . . . , thus invoking the benefits and protections of its laws." Third, the defendant's contacts with the forum must be "such that [the defendant] should reasonably anticipate being haled into court there."

*Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994) (quoting *Vermeulen v. Renault, USA Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993), *cert. denied*, 508 U.S. 907, 113 S.Ct. 2334, 124 L.Ed.2d 246 (1993)). "The availability of specific jurisdiction depends upon the defendant, the forum, and the litigation." *Francosteel*, 19 F.3d at 627 (citing *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1057 (11th Cir. 1986)). A defendant's contacts must be more than "random," "fortuitous" or "attenuated" to provide jurisdiction. *See Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985), citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).

In this action, plaintiff contends that defendant Grove has established minimum contacts with Alabama by selling the vehicle to a dealer in Alabama, thereby "implicitly agree[ing] to be bound by the laws of that state." (Doc. 23 at 9). He asserts that without discovery, he cannot determine whether Grove reached out to Trissl to offer the car for sale or whether Trissl first contacted Grove, as well as the

number of telephone and email contacts between Trissl and Grove and who originated each contact. Plaintiff argues that Grove must have known Trissl would sell the car and, knowing the value of the car (the year and model as it was represented to be), would know any buyer would contact him to investigate the car's history. Plaintiff also contends that Grove's discussions with Trissl and plaintiff's attorney, both in Alabama, provide the requisite contacts.

The contacts between Grove and Trissl are related, tangentially, to plaintiff's cause of action. However, the contacts do not involve any act by which Grove purposely availed himself of the privilege of conducting activities within Alabama. His activities connected with the sale of the subject vehicle were conducted in Tennessee. He did not come to Alabama at all. Grove's contacts with Alabama are not such that he should reasonably anticipate being haled into court here.

Plaintiff has argued that the necessary contacts between Grove and Alabama exist because of telephone calls and email exchanges between Grove and Trissl (regarding the sale of the car to Trissl and forwarding plaintiff's emails to Trissl), notwithstanding Grove's lack of travel to Alabama. However, taking plaintiff's argument to its logical conclusion, if that were sufficient to establish minimum contacts and satisfy concerns of due process, then Grove's emails with plaintiff could allow Grove to be haled into court in the United Kingdom. This is simply incorrect.

Further, the fact that Grove signed a sales contract with an Alabama company does not alone allow Grove to be brought into court in Alabama.

"An individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts in the other party's home forum." *Burger King*, 471 U.S. at 478; *see also Francosteel*, 19 F.3d at 627. Instead, the inquiry must focus on "prior negotiations," "contemplated future consequences," "the terms of the contract and the parties' actual course of dealing." *Francosteel*, 19 F.3d at 627-28, citing *Burger King*, 471 U.S. at 478-79. In *Exhibit Icons, LLC v. XP Companies, LLC*, 609 F.Supp.2d 1282 (S.D.Fla. 2009), the district court found that 188 telephone calls, as well as emails and facsimiles, between the parties to a contract sufficiently established minimum contacts. *See also Mayville v. Glatkowski*, 2008 WL 2037155, at *4 (N.D.Ga. May 8, 2008) (minimum contacts found when defendants sought to derive economic benefits from a transaction with a Georgia resident, and did so purposely and through the use of telephone contact, email messages, and written correspondence). *But see Walack v. Worldwide Mach. Sales, Inc.*, 278 F.Supp.2d 1358 (M.D.Fla. 2003) (minimum contacts lacking between Mississippi seller of motor vehicles and State of Florida, precluding assertion of personal jurisdiction over seller by federal district court sitting in Florida, in breach of contract action against seller brought by Florida buyer; buyer approached seller

seeking to acquire motor vehicles stored in Louisiana, no actions were to be taken in Florida other than payment, and there was no course of dealing between parties other than this single transaction, precluding any finding that seller was availing itself of opportunity to do business in Florida).

In this case, plaintiff's contract was not with Grove; it was with Trissl. If the contract between Grove and Trissl were the subject of this litigation, there might be cause to delve further into the number of contacts between Grove and Trissl, the initiator of the contacts and other such issues, to determine whether the minimum contacts have been shown. However, plaintiff's cause of action does not arise from Grove's communications with Trissl; instead, it arises out of plaintiff's dealings with Trissl. Grove's connection to plaintiff's claims against Trissl is that of a witness, not an actual defendant.

### 2. Fair Play and Substantial Justice

In *Burger King*, 471 U.S. at 477, the United States Supreme Court set out factors to be considered in determining whether the exercise of jurisdiction over a non-resident defendant would offend traditional notions of fair play and substantial justice. These factors are the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution

of controversies, and the shared interest of the states in furthering fundamental substantive social policies.

With regard to this inquiry, plaintiff asserts that there would be no burden on Grove because plaintiff only wishes him to respond to discovery in writing, that it would be time-consuming, costly and wasteful to a Tennessee court to file a separate action against Grove in Tennessee just to obtain discovery, and that plaintiff is only seeking the most cost-effective and speedy resolution of his complaint. While the court is sympathetic to the difficulties plaintiff is experiencing litigating this action *pro se* and from another country, that alone cannot satisfy the requirements of fair play and substantial justice.

There is a method by which plaintiff can obtain discovery from Grove despite the fact that he no longer will be a party to this action. Rule 45, Fed.R.Civ.P., provides for service of subpoenas on non-parties to obtain discovery.[4] Rule 31, Fed.R.Civ.P., allows a deposition by written questions of a non-party witness. Thus,

---

[4] The court notes that Lenoir City, Tennessee, falls outside of the 100-mile radius within which this court may issue a subpoena. Mr. Grove would be entitled to object to any Rule 45 subpoena issued by this court on that ground, or he may choose to waive the objection, inasmuch as he would not be required to travel in order to provide a deposition by written questions. However, plaintiff may institute an independent, miscellaneous action in the United States District Court for the Eastern District of Tennessee (Northern Division) for the sole purpose of issuance of a Rule 45 subpoena to Mr. Grove. The cost of filing such a miscellaneous action is $47. If Grove fails to respond to the subpoena, plaintiff may seek appropriate relief, including a finding of contempt of court, in the United States District Court for the Eastern District of Tennessee.

there is a method by which plaintiff may obtain responses to the interrogatories propounded by plaintiff to Grove (*see* Doc. 23-3).

## IV.  Conclusion

Based on the foregoing, it is ORDERED, ADJUDGED and DECREED that the Motion to Dismiss for Lack of Jurisdiction filed by defendant Gary Grove is due to be and hereby is GRANTED, and Gary Grove is DISMISSED WITH PREJUDICE as a defendant from this action.

DONE this 6th day of February, 2017.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE